**NABISCO, INC., Petitioner,**

v.

**FEDERAL TRADE COMMISSION,
Respondent.**

**No. 25231.**

United States Court of Appeals,
Fifth Circuit.

May 19, 1972.

J. Randolph Wilson, Geoffrey R. W. Smith, Washington, D. C., for petitioner.

J. B. Truly, Asst. Gen. Counsel, Thomas F. Howder, Harold D. Rhynedance, Jr., Miles J. Brown, Attys., Ronald M. Dietrich, Gen. Counsel, Federal Trade Comm., Washington, D. C., for respondent.

Before RIVES, BELL and MORGAN, Circuit Judges.

**1024**

PER CURIAM:

This appeal arises out of the mandate of this court which was issued in connection with a prior appeal. We refer to our opinion therein for a statement of the background facts and circumstances. National Biscuit Company v. Federal Trade Commission, 5 Cir., 1968, 400 F. 2d 270.

Briefly, the case may be stated as follows. In 1967 the FTC instituted proceedings against Nabisco to enforce a 1954 modification of a 1944 consent cease and desist order. The 1954 modification had been unilaterally implemented by the Commission, apparently to abrogate Nabisco's claimed right under the 1944 order to use lack of competitive injury as a defense to price discrimination charges.

Nabisco challenged the validity of the 1967 proceedings in this court. We concluded that the validity of those proceedings turned on the threshold question of whether the 1944 order was in fact a consent order. The court also noted the presence of additional issues:

> "Additional issues involve the propriety of the Commission's actions measured by the criteria governing the modification of orders under Section 11 of the Clayton Act, prior to its amendment in 1959, and the propriety of the Commission's orders related to the present enforcement proceedings as measured by the Commission's rules of practice and the Administrative Procedure Act. Finally, the peripheral but substantively basic issue concerning cost justification and competitive effects of Nabisco's discount schedule remains unanswered." 400 F.2d at 274.

After noting that no FTC hearings had been held in connection with any of these issues, we stayed the 1967 proceedings and remanded the case to the FTC "for such hearings as may be indicated" by the court's opinion.

On remand, the Commission limited the hearings solely to the question whether the 1944 order was a consent order. The hearing examiner answered the question in the affirmative. The FTC acquiesced in that finding and certified the record of the hearings to this court, thus precipitating the present case.

■ Nabisco asks that we remand this case once again and that we instruct the Commission to hold hearings to resolve the additional issues noted supra in our prior opinion. Since we agree that the 1944 order constitutes a consent order, the 1954 modification is without validity. Viewed in that light, we are persuaded that the additional issues are not ripe for consideration, either by this court or by the FTC.

■ The first additional issue was the propriety of the 1954 modification by the FTC, measured by the criteria governing modification. That modification has now been declared invalid. Similarly, there is no need to inquire into the propriety of the Commission's orders related to the 1967 enforcement proceedings since those proceedings were also invalid. Only if the Commission had determined that the 1944 order was not a consent order would resolution of these two issues be necessary.

■ The only question left unresolved has to do with cost justification and the competitive effects of Nabisco's discount schedules which are on file with the FTC. That issue is live in one sense. The Commission may bring a new action, either to modify the 1944 consent decree through valid procedural means or to challenge the Nabisco pricing schedules by the filing of a new complaint. See Federal Trade Commission v. Jantzen, Inc., 1967, 386 U.S. 228, 235, 87 S.Ct. 998, 18 L.Ed.2d 11. In either event, the question whether lack of competitive effect may be asserted as a defense under the 1944 consent order will be aired. The issue raised in the 1967 proceedings was not whether such a defense was available under the 1944 order but whether it was cognizable under the 1954 modification. Since this appeal is born entirely of the 1967 proceedings, now invalid, we will not remand the case for hearings to determine whether, under the 1944 order, lack of competitive injury was contem-

plated as a defense to price discrimination charges.

 Nor will we rule, as Nabisco asks, on which of the FTC rules and regulations would be applicable in the event the FTC institutes new proceedings against Nabisco. It may be that no further action will be taken. We can only speculate as to the form of the additional proceedings if additional proceedings are instituted. Only in the context of concrete litigation can this court determine which Commission rules and regulations are applicable.

In sum, we dissolve the order of this court heretofore entered which stayed the 1967 proceedings. The 1954 modification of the 1944 order will be vacated and set aside and the 1944 order reinstated as a consent order. It follows that the FTC will discontinue all action against Nabisco which has been taken pursuant to the 1967 proceedings and that those proceedings will be dismissed.

It is so ordered. 15 U.S.C.A. § 21(a).